PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:22-MC-00198-MCE-CKD |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $13,830.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On May 12, 2021, federal and state law enforcement seized Approximately $13,830.00 in U.S. Currency ("defendant currency") from a home on Siltstone Avenue in Lathrop, California occupied by Erica Cardenas ("Cardenas") and others during the execution of a search warrant.

2. The Federal Bureau of Investigation ("FBI") commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about March 18, 2022, the FBI received a claim from Cardenas asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that in April of 2021, law enforcement began investigating one of the occupants of the home as someone suspected of distributing narcotics in the Stockton area. Law enforcement suspected this individual of trafficking pharmaceutical medications, including oxycodone hydrochloride, commonly referred to as "M-30s."

4.    The United States represents that it could show at a forfeiture trial that on May 12, 2021, law enforcement executed a search warrant at Siltstone Avenue.  Law enforcement waited for the suspected drug dealer to leave the residence and approached him prior to entering the residence.  When advised of the search warrant at Siltstone Avenue, the suspect denied living there, stating he recently moved out.  When asked if there was anything illegal in the house, he restated that he did not live at Siltstone Avenue and had no belongings in the house.

5.    The United States represents that it could further show at a forfeiture trial that law enforcement searched the upstairs bedroom that Cardenas identified as the suspect and his girlfriend's bedroom.  Inside the suspect's bedroom closet, law enforcement found a black duffle bag and a large shopping bag filled with seven individual clear bags, each containing approximately one pound of processed marijuana.  Above the marijuana bags on the closet shelving, law enforcement found a clear plastic jug containing a baseball-size plastic bundle of blue pills labeled "M-30s."  In all, law enforcement found approximately 1,310 "M-30s" pills.

6.    The United States represents that it could further show at a forfeiture trial that agents found a black metal security safe in the downstairs laundry room.  Law enforcement obtained the combination for the safe from the suspect's girlfriend and found a Glock model 30 handgun, a black Glock handgun case with several Glock .45 caliber magazines, including a 26 round high-capacity magazine loaded with eighteen live rounds, and a bank bag containing stacks of $100 bills, as well as birth certificates for the suspect and his girlfriend.  A later bank count of the cash totaled $13,830.00.  A denominational breakdown of the seized currency revealed 1 $10 bill, 1 $20 bill, and 138 $100 bills.  Law enforcement spoke to Cardenas and she denied ownership of the cash and signed the disclaimer of ownership form.  The suspect also denied ownership of the cash and signed the disclaimer of ownership form.

7.    The United States represents that it could further show at a forfeiture trial that on May 12, 2021, the suspect and his girlfriend were arrested and booked into San Joaquin County jail on multiple charges including possession of controlled substance while armed, possess/purchase for sale narcotics/controlled substance, conspiracy to commit crime, possess marijuana for sale, and multiple firearm-related charges.  On November 30, 2021, the suspect was convicted and sentenced to 5 years.

8. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

9. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Cardenas acknowledged that she is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

10. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

11. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

12. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $6,915.00 of the Approximately $13,830.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $6,915.00 of the Approximately $13,830.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be returned to claimant Erica Cardenas through her attorney Melissa Dougherty.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out

of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated: March 14, 2023

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE